# EXHIBIT 1

Return Date: No return date scheduled
Hearing Date: 10/12/2021 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
    Cook County, IL

FILED
6/22/2021 3:30 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02887

13780915

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons - Alias Summons**                                    **(12/01/20) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

CORIE REED, on behalf of herself and all
others similarly situated,

_____ Plaintiff(s)

v.

MRS BPO, L.L.C d/b/a MRS ASSOCIATES          Case No.  2021CH02887
OF NEW JERSEY

_____ Defendant(s)

c/o Cogency Global, Inc.
600 South Street, Ste. 404; Springfield, IL 62704

_____ Address of Defendant(s)

Please serve as follows (check one):     Certified Mail    • Sheriff Service    Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons – Alias Summons** (12/01/20) CCG 0001 B

FILED DATE: 6/22/2021 3:30 PM 2021CH02887

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

6/22/2021 3:30 PM IRIS Y. MARTINEZ

Atty. No.: 60070

Pro Se 99500

Name: Celetha Chatman

Atty. for (if applicable):

Community Lawyers LLC

Address: 980 N. Michigan Ave., Suite 1400

City: Chicago

State: IL Zip: 60611

Telephone: (312) 757-1880

Primary Email: cchatman@communitylawyersgroup.co

Witness date

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

FILED DATE: 6/22/2021 3:30 PM   2021CH02887

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES
#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 10/12/2021 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
Cook County, IL

FILED
6/14/2021 2:51 PM
IRIS Y. MARTINEZ
Firm No. 60359
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02887

13676467

FILED DATE: 6/14/2021 2:51 PM  2021CH02887

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

CORIE REED, on behalf of
herself and all others similarly situated, )

Plaintiff, )

      Case No. ***2021CH02887***

v. )

MRS BPO, L.L.C. d/b/a )
MRS ASSOCIATES OF )
NEW JERSEY, )

Defendant. ) <u>Jury Demanded</u>

## CLASS COMPLAINT

Plaintiff Corie Reed, on behalf of herself and a putative class, brings this action under the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("<u>FDCPA</u>") and alleges:

## NATURE OF THE CASE

1.  The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable

collection methods, conduct which harasses or abuses any debtor, and the use of any false or

deceptive statements in connection with debt collection attempts.

2.  In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3.  Moreover, Congress has explicitly described the FDCPA as regulating "abusive

practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt

collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

7.      "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, **or in any other court of competent jurisdiction**, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). (emphasis added).

8.      Personal jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

9. Defendant collects debts from consumers in Illinois and has a registered agent in Illinois.

10. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendant regularly does business in this County.

11. Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

12. Plaintiff is a resident of the State of Illinois, from whom Defendant attempted to collect a debt allegedly owed for a JPMorgan Chase Bank, N.A. account.

13. Defendant MRS BPO L.L.C. d/b/a MRS Associates of New Jersey ("MRS" or "Defendant"), is a New Jersey limited liability company that does or transacts business here. Its registered agent and address is Cogency Global, Inc., located at 600 South Street, Suite 404, Springfield, Illinois 62704.

14. MRS is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

15. MRS holds a collection agency license from the State of Illinois.

16. MRS regularly collects or attempts to collect debts originally owed or due or asserted to be owed or due another. Thus, MRS is a debt collector as that term is defined at § 1692a(6) of the FDCPA.

3

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

## FACTUAL ALLEGATIONS

17.     According to Defendant, Plaintiff incurred a debt for goods and services used for personal family or household purposes, originally for a JPMorgan Chase Bank, N.A. account (the "Account"). The account is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

18.     Plaintiff did not pay the Account and it went into default.

19.     MRS subsequently began collection activities on the Account.

20.     On or about December 14, 2020, MRS mailed Plaintiff a collection letter (the "Letter"). (Exhibit A, Collection Letter)

21.     The Letter conveyed various information regarding the Account directly to Plaintiff, including the amount owed, the identity of the original creditor, and an account number.

22.     The Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

23.     The Letter is a form letter.

24.     Plaintiff read the Letter.

25.     The Letter bears markings that are characteristic of ones generated by a letter vendor, including numbers and QR codes around the edges of the Letter.

26.     On information and belief, these markings are used to identify the letter template and client being serviced by the letter vendor.

27.     MRS caused a letter vendor to send the Letter to Plaintiff.

4

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

28.   In order to have the letter vendor send Plaintiff the Letter, Defendant had to furnish the vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's Account, and other personal information.

29.   The letter vendor then populated some or all of this information into a prewritten template, which was printed and mailed to Plaintiff on behalf of MRS.

30.   MRS' communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third party with the objective being communication with and motivation of the consumer to pay the debt.

31.   Plaintiff did not consent to having Plaintiff's personal and confidential information, concerning the Account or otherwise, shared with anyone else.

32.   In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or a reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

33.   Due to MRS' communication to the letter vendor, information about Plaintiff is within the possession of an unauthorized third party.

34.   The mail vendor used by MRS as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

35.   If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt, then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

5

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

36. The Letter was mailed in an envelope with a glassine window that showed

Plaintiff's name and address and a return address.

37. The glassine window also showed a bar code and a series of numbers. (Ex. A,

Letter).

38. The FDCPA prohibits using an envelope that contains any language or symbols

other than the debt collector's address or its business name.

39. Thus, the presence of the additional symbols and numbers violated the FDCPA.

40. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

41. MRS used an unfair practice to collect or attempt to collect a debt, in violation of

15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained symbols other than

its address on the envelope.

42. The inclusion of any language that is not MRS' business name or address violates

§ 1692f(8). *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 784 (7th Cir. 2020) (finding an

FDCPA violation over the inclusion of TIME SENSITIVE DOCUMENT on an envelope)

(emphasis in the original).

6

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

43.     The U.S. Court of Appeals for the Seventh Circuit has confirmed what the statute already makes clear: no language or symbol other than the debt collector's address is permitted. *Id.* (finding no exception even for so-called "benign language" on an envelope).

**CLASS ALLEGATIONS[1]**

44.     Plaintiff Corie Reed, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a JPMorgan Chase Bank, N.A. debt (3) by causing a letter vendor to send its collection letter, thereby sharing information with an unauthorized third party, (4) with the letter being sent in an envelope that contained symbols other than its address, and (5) sent between one year prior to the filing of this Class Action Complaint up to the filing of this Class Action Complaint (the "Class").

45.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

46.     The proposed classes meet all requirements under 735 ILCS 5/2-801.

47.     **Numerosity:** Upon information and believe, the Class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of members of the Class are presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of Defendant. However, it is reasonable to infer that more than 40 Illinois consumers received a letter and envelope materially identical to Exhibit A hereto given that it is a form letter. Members of the Class can be easily identified through Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-

---

[1] Plaintiff intends to file the attached Plaintiff's Motion for Class Certification, Exhibit B, as soon as practically possible, as contemplated in *Ballard RN Center, Inc. v Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060. Plaintiff may request leave to supplement it later.

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

48.     **Commonality and Predominance:** Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

49.     **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent, and she intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel and Plaintiff's claim is typical of the claims of the class members.

50.     **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

FILED DATE: 6/14/2021 2:51 PM 2021CH02887

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CLASS CLAIM

51.     Plaintiff re-alleges the above paragraph as if set forth fully in this count.

52.     Defendant communicated Plaintiff's information regarding the Account to an unauthorized third party, in violation of 15 U.S.C. § 1692c(b) when it shared that information with a letter vendor who sent Plaintiff the Letter.

53.     Defendant used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained language other than its address on the envelope.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of herself and the class and against Defendant as follows:

A.     Certification of the proposed Class;

B.     Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

C.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

D.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Daniel Brown*
Daniel Brown

Daniel Brown (Atty # 60359)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com

9

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

Michael Wood
Celetha Chatman
Community Lawyers LLC
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
Cook County No. 60070

10

FILED DATE: 6/14/2021 2:51 PM    2021CH02887

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Daniel Brown*
Daniel Brown

11

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

# EXHIBIT A



S-SFMRSA11
PD9JCN00319188 - 646985878 I38376
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

FILED DATE: 6/14/2021 2:51 PM   2021CH02887



MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
877-851-1451
Office Hours:
Monday - Thursday  9am - 9pm ET
Friday                    9am - 5pm ET



December 14, 2020

 իիՈիԱիսիՊտիՊտիՈՈՈՈիսսսսիՈիՈիՈիՈսսսի
CORIE REED

| CREDITOR: | JPMorgan Chase Bank N.A. |
|---|---|
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| **BALANCE DUE:** | $1,304.14 |

Dear CORIE REED,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 877-851-1451. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $508.62 by 12/30/2020 to resolve your account | Make **TWO PAYMENTS** of $319.52 as follows:<br>Payment 1 by 12/30/2020<br>Payment 2 by 01/30/2021<br>to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.



**Pay via the Web**
https://portal.mrsbpo.com



**Pay by Phone**
877-851-1451



**Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
877-851-1451
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5317363.18346496

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

**MRS ASSOCIATES OF NEW JERSEY I 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003 I 877-851-1451**
**OFFICE HOURS: MONDAY - THURSDAY 9AM - 9PM ET I FRIDAY 9AM - 5PM ET**

ICONCPT

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

# EXHIBIT B

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

**Firm No. 60359**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| CORIE REED, on behalf of<br>herself and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| MRS BPO, L.L.C. d/b/a<br>MRS ASSOCIATES OF<br>NEW JERSEY, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Corie Reed, respectfully requests that the Court order that this action, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), may proceed on behalf of a class against Defendant MRS BPO, LLLC d/b/a MRS Associates of New Jersey ("MRS" or "Defendant").

The class consists of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a JPMorgan Chase Bank, N.A. debt (3) by causing a letter vendor to send its collection letter, thereby sharing information with an unauthorized third party, (4) with the letter being sent in an envelope that contained symbols other than its address, and (5) sent between one year prior to the filing of this case up to the filing of this case.

Plaintiff is required to file a motion for class certification prior to any tender of payment by MRS to ensure that Plaintiff's individual claims are not mooted, and Plaintiff may request

1

leave to supplement the motion at a later date. *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644 (2015).

In support of this motion, Plaintiff states as follows:

## NATURE OF THE CASE

1.    Plaintiff Corie Reed is a natural person residing in Chicago, Illinois.

2.    Defendant MRS is a New Jersey limited liability company, engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others. MRS' primary business is the purchase, collection and management of portfolios of nonperforming loans that have been charged-off by the credit grantor.

3.    On or about December 14, 2020, MRS caused a letter vendor to send Plaintiff the letter in Appendix A.

4.    The letter conveyed various information regarding the alleged debt directly to Plaintiff, including the amount owed, the identity of the original creditor, and an account number.

5.    In order to have the letter vendor send Plaintiff the letter in Appendix A, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

6.    The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

7.    The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is a "communication" as defined in §1692a(3) of the FDCPA.

FILED DATE: 6/14/2021 2:51 PM 2021CH02887

2

FILED DATE: 6/14/2021 2:51 PM    2021CH02887

15 U.S.C. §1692a(3) (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium").

8.      MRS' communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third party with the objective being communication with and motivation of the consumer to pay the alleged debt.

9.      Plaintiff did not consent to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

10.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or a reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

11.     The letter vendor used by MRS as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

12.     Due to MRS' communication to the letter vendor, information about Plaintiff is within the possession of an unauthorized third party.

13.     If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt, then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

3

FILED DATE: 6/14/2021 2:51 PM    2021CH02887

14.     MRS unlawfully communicated with the unauthorized third-party letter solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third party.

15.     In its reckless pursuit of a business advantage, MRS disregarded the known, negative effect that disclosing personal information to an unauthorized third party has on consumers.

16.     The collection letter was also mailed in an envelope with a glassine window that showed Plaintiff's name and address and a return address.

17.     The envelope also showed a bar code and a series of numbers. (Appx. A).

18.     The FDCPA prohibits using an envelope that contains any language or symbols other than the debt collector's address or its business name.

19.     Thus, the presence of the additional symbols and numbers violated the FDCPA.

20.     The inclusion of any language that is not MRS' business name or address violates §1692f(8) of the FDCPA. *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 784 (7th Cir. 2020) (finding an FDCPA violation over the inclusion of TIME SENSITIVE DOCUMENT on an envelope) (emphasis in the original).

21.     The U.S. Court of Appeals for the Seventh Circuit has confirmed what the statute already makes clear: no language or symbol other than the debt collector's address is permitted. *Id.* (finding no exception even for so-called "benign language" on an envelope).

## THE FAIR DEBT COLLECTION PRACTICE ACT

22.     The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

4

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

23.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

24.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

25.     To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

26.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

27.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA.

28.     Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982).

5

FILED DATE: 6/14/2021 2:51 PM 2021CH02887

## REQUIREMENTS FOR CLASS CERTIFICATION

29. Illinois law allows for the maintenance of class actions when the following

prerequisites are met:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

30. The class action determination is to be made as soon as practicable after the

commencement of an action brought as a class action and before any consideration of the merits.

735 ILCS 5/2-802.

31. Decisions regarding class certification are left to the "sound discretion" of the

circuit court and will be overturned only where the court clearly abuses that discretion or applied

"impermissible legal criteria." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 819 (Ill.

2005).

32. Class actions are essential to enforce laws protecting consumers. As the court

stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist.

1991):

> In a large and impersonal society, class actions are often the last barricade of consumer protection .... To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when a,g,gregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action -- private suits or governmental actions - - have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when

6

FILED DATE: 6/14/2021 2:51 PM    2021CH02887

brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766).

33.     Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As a result, numerous FDCPA class actions have been certified. *See*, *e.g.*, *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015); *Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999).

34.     As demonstrated below, each of the requirements for class certification is met.

## 1. Numerosity

35.     Section 2-801 (1) parallels the language of Federal Rule of Civil Procedure 23(a)(1 ); therefore, federal case law is instructive on the numerosity requirements under the Illinois Rules. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990). The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. *See* Kulins v. Malco, 121 Ill. App. 3d 520, 530 (1st Dist. 1984) (19 and 47 members sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 members sufficient).

36.     It is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Lit.*, 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F. Supp. 1164, 1169 (E.D.N.Y 19786). "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination .... Where the exact size of the class is unknown, but it is

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 NEWBERG ON CLASS ACTIONS (3d ed. 1995), §7.22.

37.     In the present case, Plaintiff alleges, based on the volume of Defendant's collection activity and the use of form letters, that there are more than 40 class members, making them so numerous that joinder is impracticable.

38.     While discovery will be needed to determine the precise class size, it is reasonable to infer that numerosity is satisfied. *See Wood River Area Dev. Corp.*, 198 Ill. App. 3d at 450 (concurring with a leading scholar's assertion that a class size of 40 clearly satisfies numerosity and that a class size of 25 likely satisfies numerosity); *Swiggett v. Watson*, 441 F.Supp. 254, 256 (D. Del. 1977) (an action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, the fact the Department of Motor Vehicles issued printed forms for such transfer was in of itself sufficient to show that the numerosity requirement was satisfied); *Westcott v. Califano*, 460 F. Supp. 737, 744 (D .Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of).

## 2. Common Questions and Predominance

39.     A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634 (1st Dist. 1992).

40.     In the present case, the predominant common questions are (i) whether MRS sends personal information to letter vendors without proper authorization or consent, (ii) whether

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

MRS sends collection letter in envelopes containing language or symbols other than its address, (iii) whether such practices violates the FDCPA, and (iv) MRS' liability for such violations.

41.     Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement ... is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

42.     The only individual issue is the identification of the class members, a matter easily ascertainable from MRS' files.

43.     Questions readily answerable from a party's files do not present an obstacle to class certification. *See Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

### 3.  Adequacy of Representation

44.     The class action statute requires that the class representative provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the attorney for the class must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the representative must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

45.     Plaintiff has retained experienced counsel, as indicated on Appendix B, Appendix C, and Appendix D, which sets forth counsel's qualifications.

46.     There are no conflicts between Plaintiff and the class members.

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

### 4. **Appropriateness of Class Action**

47. Efficiency is the primary focus in determining whether the class action is an appropriate method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D 545 (N.D.Ill. 1972). It is proper for a court, in deciding this issue, to consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161,1165 (7th Cir.1974).

48. In this case there is no better method available for the adjudication of the claims which might be brought by each individual consumer. The vast majority of consumers are undoubtedly unaware that their rights are being violated. In addition, the modest size of the claims makes it unlikely that consumers would be able to pay to retain counsel to protect their rights on an individual basis.

### **CONCLUSION**

49. The Court should certify this action as a class action.

Respectfully submitted,

By: /s/ *Daniel Brown*
                Daniel Brown

Daniel Brown (Atty # 60359)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com


Michael Wood
Celetha Chatman
Community Lawyers LLC
980 N. Michigan Ave., Suite 1400

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
Cook County No. 60070

## **CERTIFICATE OF SERVICE**

I, Daniel Brown, I had this document placed for service with the complaint to the

following parties:

MRS, BPO LLC
c/o Cogency Global, Inc.,
600 South Street, Suite 404
Springfield, Illinois 62704

/s/ *Daniel Brown*
Daniel Brown

11

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

# APPENDIX A



S-SFMRSA11
PD9JCN00319188 - 646985878 I38376
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

FILED DATE: 6/14/2021 2:51 PM   2021CH02887



MRS Associates of New Jersey
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
877-851-1451

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                       9am - 5pm ET



||¹||¹ıl|ıl¹ı·¹|ı·l|·¹|ll|¹ı·ıııı·l·l·|ıl·l|¹l·l·ıı·l|ıl·l
CORIE REED

December 14, 2020

| CREDITOR: | JPMorgan Chase Bank N.A. |
|---|---|
| CREDITOR ACCT#: | |
| MRS ACCT#: | |
| BALANCE DUE: | $1,304.14 |

Dear CORIE REED,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 877-851-1451. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $508.62 by 12/30/2020 to resolve your account | Make **TWO PAYMENTS** of $319.52 as follows: Payment 1 by 12/30/2020 Payment 2 by 01/30/2021 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.



**Pay via the Web**
https://portal.mrsbpo.com



**Pay by Phone**
877-851-1451



**Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS Associates of New Jersey
877-851-1451
MRS Associates of New Jersey is a trade name of MRS BPO, L.L.C.
Letter ID: LU4.5317363.18346496

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

MRS ASSOCIATES OF NEW JERSEY I 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003 I 877-851-1451
OFFICE HOURS: MONDAY - THURSDAY 9AM - 9PM ET I FRIDAY 9AM - 5PM ET

ICONCPT

FILED DATE: 6/14/2021 2:51 PM  2021CH02887

# APPENDIX B

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

|  |  |  |
|---|---|---|
| CORIE REED, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. |
| MRS ASSOCIATES OF NEW JERSEY, | ) ) ) | |
| Defendant. | ) ) | Jury Demanded |

## DECLARATION OF CELETHA C. CHATMAN

I, Celetha C. Chatman, Esq., being first duly sworn on oath, depose and state as follows:

1.   That I am the attorney for the Plaintiff above named.

2.   I have read the Complaint filed in this action and know the contents thereof, and that the same is true of my knowledge.

3.   That I am admitted to practice within the State Courts of Illinois as of November 5, 2015.

4.   That I am a member of the Bar of the United States District Court for the Northern District of Illinois.

5.   That I am member of the Bar of the Bankruptcy Court for the Northern District of Illinois.

6.   That I have significant experience in FDCPA litigation, which is the focus of my practice.

1

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

7.      That I am or have been counsel to more than 500 FDCPA cases in the Northern

District.

8.      That the following is a sample of my FDCPA class actions:

> *Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N. D. IL)
> *Choice v. Unifund. et al.,* 19-cv-05773 (N.D. IL)
> *Garret v. David B. Blaskovich P.C.*; 17-cv-0087 (N.D. IL).

Pursuant to 28 U.S.C. § 1746(2), I, Celetha C. Chatman, hereby declare under penalty of

perjury that the foregoing is true and correct.

Dated:  June 14, 2021                          */s/ Celetha C. Chatman*
                                                Celetha C. Chatman

Celetha C. Chatman
Community Lawyers, LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: 312.757.1880
fax: 312.265.3227
cchatman@communitylawyersgroup.com

2

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

# APPENDIX C

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |
|---|---|
| CORIE REED, on behalf of<br>herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MRS ASSOCIATES OF<br>NEW JERSEY,<br><br>　　　　Defendant. | Case No.<br><br>Jury Demanded |

### DECLARATION OF MICHAEL JACOB WOOD

I, Michael Jacob Wood, Esq., being first duly sworn on oath, depose and state as follows:

1. That I am the attorney for the Plaintiff above named.

2. I have read the Complaint filed in this action and know the contents thereof, and that the same is true of my knowledge.

3. That I am admitted to practice within the State Courts of Illinois as of May 1, 2014.

4. That I have substantial experience in FDCPA litigation and collection defense litigation, which are the focus of my practice.

5. That I am a member of the National Association of Consumer Advocates as of November 2011.

6. That I am or have been counsel to over 800 FDCPA cases in the Northern District.

7. That I am or have been counsel to more than 500 debt defense cases in the Circuit Court of Cook County.

1

8. That I publish and lectured on the Fair Debt Collection Practices Act. (e.g., Dec.

Ex. 5, Michael J. Wood, Abstention Doctrine and the Fair Debt Collection Practices Act, 89

Chi.-Kent. L. Rev. 1191 (2014)).

9. Class actions: I have certified several classes for settlement purposes in the

following cases: *Wingate v. Resurgence Capital, LLC*, 14-cv-7753 (N.D. Ill.); *Szczesniak v.*

*National Account Services*, 14-cv-10346 (N.D. Ill.); *Garret v. David B. Blaskovich P.C.*; 17-cv-

0087 (N.D. IL); *Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N.D. Ill.)


Pursuant to 28 U.S.C. § 1746(2), I, Michael Jacob Wood, hereby declare under penalty of

perjury that the foregoing is true and correct.


Dated:  June 10, 2021                    */s/ Michael Jacob Wood*
                                         Michael Jacob Wood

Michael J. Wood
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: 312.757.1880
fax: 312.476.1383
mwood@communitylawyersgroup.com

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

# APPENDIX D

FILED DATE: 6/14/2021 2:51 PM 2021CH02887

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| CORIE REED, on behalf of<br>herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MRS ASSOCIATES OF<br>NEW JERSEY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) Jury Demanded |

## DECLARATION OF DANIEL BROWN

I, Daniel Brown, being first duly sworn on oath, depose and state as follows:

1. That I am the attorney for the Plaintiff above named.

2. I have read the Complaint filed in this action and know the contents thereof, and that the same is true of my knowledge.

3. I have been admitted to the practice of law in the State of Illinois since October 2009.

4. I am admitted to practice in the United States District Courts for the Northern District of Illinois.

5. I am also admitted to practice in the Seventh Circuit Court of Appeals, the Fifth Circuit Court of Appeals, and the Ninth Circuit Court of Appeals.

6. I am a member of the Trial Bar of the United States District Court for the Northern District of Illinois since 2017.

7. I am a member of the National Association of Consumer Advocates since 2016.

1

FILED DATE: 6/14/2021 2:51 PM   2021CH02887

8.      I graduated from Harvard Law School *cum laude* in 2009. Thereafter I worked as an associate in the bankruptcy group at Kirkland & Ellis, LLP. While at Kirkland I primarily represented debtors in large chapter 11 reorganizations. I left Kirkland in October 2011 and joined the bankruptcy department at Baker & McKenzie, LLP, also as an associate. At Baker, I represented various types of creditors in chapter 7 and chapter 11 cases, as well as smaller debtors in chapter 11.

9.      In March 2012, I left Baker to start my own firm, Brown Legal Advisors, LLC. At this firm, I represented (a) distressed debt investors in chapter 7 and chapter 11 proceedings around the country, (b) chapter 11 debtors in bankruptcy cases and related litigation, and (c) chapter 7 trustees in contested creditor litigation. I also provided consulting services to investment firms for investment opportunities that involved litigation and potential bankruptcy proceedings. In addition, I served as the trustee of a litigation trust established for the benefit of bankruptcy creditors in the case of *In re Imperial Capital Bancorp, Inc.* Case No. 09-bk-19431 (Bankr. S.D. Cal.).

10.     In January 2015 I left Brown Legal Advisors and started a new firm focused on consumer protection litigation, now called Main Street Attorney, LLC.

11.     I have substantial experience in federal court litigation, financial litigation, bankruptcy litigation, FDCPA litigation, mortgage fraud litigation, and other consumer fraud litigation involving the banking and financial sector, which are the main focus of my practice.

12.     In 2018 I was approved as class counsel for an FDCPA class action in *Bishop-Lillegard v. Unifund CCR, LLC, et al.*, Case No. 16-cv-8075 (N.D. Ill.).

13.     I have represented plaintiffs in over 100 FDCPA and other consumer protection cases.

2

FILED DATE: 6/14/2021 2:51 PM    2021CH02887

Pursuant to 28 U.S.C. § 1746(2), I, Daniel Brown, hereby declare under penalty of perjury

that the foregoing is true and correct.

Dated:  June 10, 2021                            /s/ *Daniel Brown*
                                                 Daniel Brown

Daniel Brown
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com